```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

CAROL SIMJIAN,                          :

    Plaintiff,                      :

v.                                      :       Case No. 3:10-CV-1263(RNC)

BAYER CORPORATION,                      :

    Defendant.                      :

<u>RULING AND ORDER</u>

    This is a products liability case involving Avelox, an FDA-approved prescription antibiotic used to treat bacterial infections.  The complaint alleges that plaintiff Carol Simjian sustained a rotator-cuff tear and pain in an Achilles tendon due to ingestion of Avelox.  Defendant Bayer Corporation has moved for summary judgment on the ground that plaintiff lacks expert testimony to sustain her burden of proving that Avelox can cause tendon tears and pain.  In support of its motion for summary judgment, defendant has filed a Local Rule 56(a)(1) Statement in which it states: "There is no expert opinion evidence in the record or that may be presented by plaintiff at trial that Avelox can cause tendon-related injury."  Plaintiff has not responded to the motion.

    Under Federal Rule of Civil Procedure 56, summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  A defendant in a products liability may be entitled to judgment

as a matter of law when the plaintiff lacks admissible expert testimony on the issue of causation.  See Fane v. Zimmer, 927 F.2d 124, 131 (2d Cir. 1991)(affirming directed verdict for medical device manufacturer).  In a previous ruling in this case, defendant's motion to exclude the testimony of plaintiff's expert witness on medical causation was granted.  The Court ruled that plaintiff's proffered expert is not qualified to provide expert testimony regarding a causal link between Avelox and tendon injury.

Plaintiff's failure to respond to the motion for summary judgment does not itself provide a basis for granting the motion. In the absence of opposition, however, defendant's statement, quoted above, that plaintiff lacks expert testimony on the issue of causation is deemed to be true.  It is undisputed that without such testimony, plaintiff cannot prove her case.  Summary judgment is therefore proper.

Accordingly, the defendant's motion for summary judgment is hereby granted (doc. 64).  The Clerk will enter judgment in favor of the defendant dismissing the complaint.

So ordered this 9th day of April 2012.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge

2